IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.                                                                                          CIV 10-0052 WJ/KBM
                                                                             CR   05-1854 WJ

ALDEN BENALLY,

      Defendant-Movant.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      The Magistrate Judge filed her proposed findings on December 28, 2010.  *Doc. 18.*  She recommended that the § 2255 petition be denied as without merit.  In light of that conclusion, she determined that it was unnecessary to determine the scope of Defendant's waiver of his attorney client-privilege.  *See id.* at 5-6.  Thereafter, the Magistrate Judge granted Defendant two generous extensions within which to file his objections.  *See Docs. 20, 22.*  Timely objections followed.  *See Doc. 24.*

      The long delay in finalizing this matter after apparently is because Defendant is relying on someone else to prepare his objections.  Defendant's stated address and information from the Bureau of Prisons website reveals that Defendant is housed at the Federal Correctional facility in Tucson, Arizona.  However, Defendant's two sets of extensions contain no indication that he

used the prison mail system[1], and the envelope to his second motion indicates that the motion was mailed from Nashville, Tennessee rather than Arizona. *See Doc. 21* at 4.  The address on the United States Postal Service express mail label is not clear on the scanned copy, but seems to be Defendant's prison address.  Nevertheless, Defendant plainly did not go the post office to mail them.  And, indeed, although signed by Defendant, his objections are clearly written by someone not only with a legal background but also experience in writing for a Court.  Furthermore, it appears to me that all of Defendant's motions were prepared by this person, including the detailed memorandum in support of the § 2255 petition.  *See, e.g., Docs. 1, 7, 9.*

Attorneys who ghostwrite for *pro se* litigants without identifying themselves to this Court at the very least engage in misrepresentation.  *See, e.g., Duran v. Carris,* 238 F.3d 1268, 1273 (10th Cir. 2001); *Barnett v. LeMaster,* 12 Fed. App'x 774, 778-79 (10th Cir. 2001).  Attorneys "must refuse to provide ghostwriting assistance unless the client specifically commits herself to disclosing the attorney's assistance to the court upon filing."  *Duran,* 238 at 1273.

I believe an appropriate sanction is to strike attorney ghostwritten documents.  Because issuing a warning about striking pleadings would unnecessarily prolong this matter, however, I will go ahead and address the merits of the objections.  *See In re West,* 338 B.R. 906 (Bankr. N.D. Okla. 2006) (imposing monetary sanctions on attorney following warning); *Bush v. Adams,*

---

[1] *See, e.g., Endris v. Sheridan County Police Dept.,* 2011 WL 441694 at * 1 (10th Cir. 2011) ("The certificate failed to state either that he used the institution's legal-mail system or that there was no legal-mail system at the institution at which he was confined when he mailed his notice of appeal.") (citing *Price v. Philpot,* 420 F.3d 1158, 1166 (10th Cir. 2005) (if institutional legal-mail system is available, "an inmate must establish timely filing under the mailbox rule by . . . alleging and proving that he or she made timely use of the prison's legal mail system")) ; *see also Martinez v. Edmondson,* 388 Fed. App'x 828, 829-30 (10th Cir. 2010) ("In *Ceballos-Martinez,* [387 F.3d 1140, 1143-44 & n.4 (10th Cir. 2004),] we held that '[i]f a prison lacks a legal mail system, a prisoner must submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.' . . . Mr. Martinez could have remedied this jurisdictional defect if he had subsequently filed a declaration or notarized statement that complied with the prison mailbox rule.").

2010 WL 1253990 at * 3 (E.D. Va. 2010) (noting that submissions ended after court issued warning that ghostwriting is unethical and could serve as a basis for sanctions).  Because the objections are of a professional caliber, I review them without the traditional deference afforded *pro se* pleadings.

> Allowing a *pro se* litigant to receive such latitude in addition to assistance from an attorney would disadvantage the non-offending party. . . .  Furthermore, such activities negatively taint the Court towards the appearance of well meaning *pro se* litigants who have no legal guidance at all and rely on the Court's discretionary patience in order to have a level litigating field.  Ghost-writing attorneys and the *pro se* litigants who take an advantage in this manner should not be rewarded.  Therefore, upon a finding of ghost-writing, the Court will not provide the wide latitude that is normally afforded to legitimate *pro se* litigants.

*In re Mungo,* 305 B.R. 762, 769 (Bkrtcy. D.S.C. 2003).

I have carefully reviewed the objections *de novo,* and find them without merit.  *See Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir. 2000).  Some objections bear further comment.

The first objection is that the Magistrate Judge did not allow Defendant to file a reply.  The applicable habeas rule provides that a defendant "***may*** submit a reply to the respondent's answer . . . within a time fixed by the judge."  Rule 5(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (emphasis added).  As the Advisory Committee Notes indicate, this rule was revised to reflect the practice adopted "in some jurisdictions" that allow the opportunity for a reply.  This District is not among them.  The Court's local civil and criminal rules do not authorize a reply in habeas proceedings.  *See* D.N.M.LR-Civ (effective 9/27/10); D.N.M.LR-Cr (effective 12/01/09).  There is no "right" to file a reply under the habeas or local rules.

The Magistrate Judge so noted in her order denying Defendant's motion for an extension

to file a reply to the United States' Answer. She further indicated that if she believed further briefing was required, she would order the same, and thus denied the motion without prejudice. *See Doc. 17.* It is evident why the Magistrate Judge did not require further briefing. The caliber of the brief Defendant submitted in support of his § 2255 petition made the basis for his claims clear. The habeas rules contemplate only a petition and response, together with the Court record. The Magistrate Judge was able to make her findings on that basis and so a reply was not necessary. Furthermore, given the long extension to file objections, the author of them had plenty of time to raise whatever responses he wished to raise. *See Docs. 18, 22* (original objections due 1/18/11 and extended to 3/12/11).

The second objection is that the United States' answer is incomplete under the habeas rules because it did not attach portions of the transcripts, briefs, or other documents from the criminal record. This is a frivolous objection, given that the entire record is available electronically to the Court and that Defendant never requested copies of such items, even when he asked for an extension of time to file a reply. *See Doc. 16.* Moreover, it has been my experience that this particular Magistrate Judge has a practice of providing detail from the record and cases so that *pro se* litigants will precisely understand the basis for her recommendation. The instant recommendation is no different.

In the fourth objection, Defendant submits that the United States and Magistrate Judge did not consider the "declaration of Colleen Yazzie, submitted, on May 3, 2010." *Doc. 24* at 11. This is patently untrue. *See Doc. 18* at 5.

As for the remaining three objections that take issue with conclusions drawn by the Magistrate Judge ineffective assistance of counsel claims, I disagree and overrule them.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 18)* is ADOPTED;

2. Respondents' motion for an order finding the attorney-client privilege waived and the scope thereof *(Doc. 14)* is DENIED AS MOOT;

3. Defendant's § 2255 petition is dismissed **with prejudice;**

4. A final order enter concurrently herewith; and

5. An order denying a certificate of appealability enter concurrently herewith.

                                   UNITED STATES DISTRICT JUDGE